IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. GEOFFREY HOWARD and<br>ZELLA HEMPHILL,<br><br>      Plaintiffs,<br><br>      v.<br><br>KBR, INC., and KELLOGG BROWN &<br>ROOT SERVICES, INC.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 11-4022<br>)<br>)<br>)<br>)<br>) |

## ORDER AND OPINION

Pending before the Court is Defendants KBR, Inc. and Kellogg Brown & Root Services, Inc.'s Motion for Reconsideration. ECF No. 214. Defendants ask the Court to reconsider its July 9, 2020 Order and Opinion denying KBR's Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction. For the reasons stated below, this motion is DENIED.

## BACKGROUND

The Court explained the factual background of this case in more detail its initial opinion. ECF No. 213. In short, Defendants are government contractors and Relators brought a case under the False Claims Act ("FCA") accusing Defendants of a knowing failure to redistribute excess product. The Realtors allege that Defendants' failure to redistribute excess product resulted in Defendants overbuying, which the Government would not have reimbursed had Defendants not concealed their failures. The Court recently denied Defendants' Motion to Dismiss, finding that the Relators were the original source of certain information related to Defendants' allegedly fraudulent activity. While there had been a public disclosure of some information related to

1

Plaintiffs' alleged wastefulness, the Court determined that the Relators had direct and independent knowledge of fraudulent activity and materially added to the publicly disclosed information. Accordingly, the Court found that the Defendants met the original source exception to the public disclosure bar and declined to dismiss the Complaint. Defendants filed this motion to reconsider, arguing that the Court applied the wrong standard to determine whether the Relators materially added to the publicly disclosed information. This opinion follows.

## LEGAL STANDARD

"Pre-judgment orders, such as [rulings on] motions to dismiss, are interlocutory and may be reconsidered at any time." *Cameo Convalescent Ctr., Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986). A court should reconsider an interlocutory order where necessary to "correct manifest errors of law," C*aisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted), which "occur[] when the district court commits a 'wholesale disregard, application, or failure to recognize controlling precedent.'" *Michel v. Princeville Cmty. Unit Sch. Dist. #326 Bd. of Educ.*, 317 F.R.D. 555, 559 (C.D. Ill. 2016) (quoting *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015))*; see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (motion for reconsideration particularly appropriate where court "has made an error not of reasoning but of apprehension") (internal quotation marks omitted).

## DISCUSSION

Defendants argue that the Court correctly determined that the Relators' claims were publicly disclosed before the lawsuit was filed but that the Court wrongly determined that the Relators' claims fell within the original source exception to the bar on FCA claims for publicly

disclosed information. Defendants assert that the Court cited and applied the incorrect standard for determining whether Relators were an original source of certain information.

Defendants explain that there was a 2010 revision to the statute governing FCA claims. The amendments both changed "what constitutes a public disclosure" under 31 U.S.C. § 3730(e)(4)(A) and revised the definition of "original source" under section 3730(e)(4)(B). *Bellevue v. Universal Health Servs. of Hartgrove, Inc.,* 867 F.3d 712, 718 (7th Cir. 2017). In the initial opinion, the Court applied the pre-2010 version of the law to determine whether the Relators' FCA claims were publicly disclosed before Relators filed the lawsuit. Defendants agree that was correct because the amendments to that portion of the statute were not retroactive. However, Defendants argue that the Court mistakenly applied the pre-2010 definition of the "original source" exception when it should have applied the post-2010 version of that subsection because that amendment was retroactive. While Defendants acknowledge that the changes to the "original source" is a "clarification rather than a substantive change," they argue that citing the pre-2010 version of the law constituted a manifest error of law that requires the Court's reconsideration of its prior opinion. ECF No. 215 at 4 (*citing Bellevue*, 867 F.3d at 718). Defendants also complain that the Court ignored several Seventh Circuit cases that they cited in their original briefs.

The differences between the pre-2010 and the 2010 revisions to the "original source" definition are relatively slight. Before 2010, § 3730(e)(4)(B) defined original sources as "an individual who has direct and independent knowledge of the information on which the allegations are based." The 2010 version of § 3730(e)(4)(B) provides that an original source is an individual "who has knowledge that is independent of and *materially adds* to the publicly disclosed allegations or transactions." 31 U.S.C. § 3730(e)(4)(B) (2010) (*emphasis added*). As

Defendants point out, the amended definition of "original source" now "controls" in all FCA actions, *Bellevue*, 867 F.3d at 720, "'regardless of when a person claiming to be an original source acquired his knowledge.'" *Cause of v. Chicago Transit Auth.*, 815 F.3d 267, 283, n.22 (7th Cir. 2016) (quoting *U.S. ex rel. Bogina v. Medline Industries, Inc.*, 809 F.3d 365, 368–69 (2016)).

While the Court cited the pre-2010 version of the law and cited some cases applying the old version of the law, it also acknowledged the requirement that the Relators "materially add" to the publicly disclosed information. The "materially added" phrase is only found only in the post 2010 version of the statue and is the primary distinction between the old and new version of the statute. Accordingly, the Court applied the correct standard, and in any event, the alteration was not intended to substantively change the statue. In support of its finding that the Relators materially added to the publicly disclosed information, the Court cited the reports that demonstrated:

> (1) the head of KBR's Kuwait Support Office deleted Relator Howard's reports that showed over $600 million in unnecessary materials stockpiled in KBR's warehouses, because it was "too dangerous" to risk the Government finding the report during an audit; (2) emails from 2009 where a KBR manager stated it should not show underutilization on anything; (3) emails where KBR directed its employees not to speak to anyone outside of KBR about internal business allegedly after Relator Howard alerted KBR's senior management about KBR's cross-leveling failures; and (4) KBR not correcting hundreds of millions of dollars of excess materials in virtual storerooms because doing so would risk governmental audits.

ECF No. 213 at 13. In short, the Court applied the correct standard and cited several important pieces of evidence to support the Relators' assertion that Defendants engaged in knowing fraud as opposed to mere negligence.

Defendants further complain that the Court cited a Third Circuit case instead of their preferred Seventh Circuit opinions. ECF No. 215 at 7 (*citing Bellevue*, 867 F.3d 712; *Cause of Action*, 815 F.3d 267). Defendants cited these opinions in their initial briefing (ECF No. 198 at 17), and a motion for reconsideration is not the time to rehash arguments that the Court has already reviewed. However, the Court will briefly explain why these cases are distinguishable. In *Bellevue*, the relator provided information that when the facility was over capacity, patients would sleep on a rollout bed in the group therapy room rather than a patient room, but that the facility was still billing Medicaid for inpatient care. *Bellevue*, 867 F.3d at 714. Before the relator filed suit, the hospital voluntarily provided information to authorities. The relator argued that the government only had information that the facility was over capacity without any reference to a knowing misrepresentation of facts. *Id*. at 718. There, the court found that the government had enough information to "infer scienter" and the public disclosure bar applies "where one can infer, as a direct and logical consequence of the disclosed information, that the defendant knowingly—as opposed to negligently—submitted a false set of facts to the Government." *Id*. at 718–19 (*quoting Cause of Action*, 815 F.3d at 27). The court further observed that the relator did not have personal knowledge over the facility's billing practice and he "necessarily" had to infer that the facility was knowingly overbilling. According to the court, there was no reason that the government could not make that same inference based upon the information that it had. *Id*. at 719.

In *Cause of Action*, the court noted that the relators only provided two additional pieces of information. One was that the defendant knowingly misreported data, but that piece of information was not directly based on information that the relator had about the defendant's knowledge or lack thereof. Instead, the relator made an inference that was based upon available

5

facts. The Government already had those facts and was "in an identical position to infer scienter from the publicly disclosed Audit Report." *Id*. at 282. The court observed that the second piece of information was a broadening of the timeframe of misreporting. However, the few additional allegations were insufficient when they pertained to the same entity and described "the same allegedly fraudulent conduct . . . as the publicly disclosed information." *Id*. Accordingly, the purported additional facts were not enough in the case of *Cause of Action*.

Unlike the relators in *Bellevue* and *Cause of Action*, Relators here provided specific concrete examples that suggest fraud. They were not simply providing their own inference from information already disclosed but instead, disclosed new information and provided emails that supported their assertion that Defendants were engaged in a knowing cover-up as opposed to mere negligence. Plaintiffs sufficiently alleged that information had not previously been disclosed and thus, their claims fall outside the public disclosure bar.

## CONCLUSION

Defendants have not demonstrated that the Court committed a manifest error of law or that a reconsideration is otherwise appropriate in these circumstances. Accordingly, their Motion for Reconsideration [214] is DENIED.

ENTERED this 25th day of September, 2020.

>      /s/ Michael M. Mihm
>         Michael M. Mihm
>     United States District Judge