UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., GEOFFREY HOWARD, and ZELLA HEMPHILL, <br><br> Plaintiffs, <br><br> v. <br><br> KBR, INC. and KELLOGG BROWN & ROOT SERVICES, INC., <br><br> Defendants. | Case No. 11-4022 |

## ORDER AND OPINION

This matter is now before the Court on Defendants KBR, Inc. and Kellogg Brown & Root Services, Inc.'s ("KBR" or "Defendants") Motion for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b). ECF No. 229. For the reasons stated below, KBR's Motion is DENIED.

## BACKGROUND

This case involves a dispute surrounding the False Claims Act ("FCA") where Relators allege that KBR's failure to redistribute excess product resulted in overbuying. Because the Court recounted in detail the background of this case in its previous order addressing Defendants' motion to dismiss, the Court will incorporate the remaining alleged facts in this Opinion. ECF No. 213.

On May 7, 2020, KBR filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. ECF No. 197. On July 9, 2020, the Court denied KBR's motion. ECF No. 213. On July 22, 2020, KBR filed a motion for reconsideration of the Court's July 9, 2020 Order. ECF No. 214. On September 25, 2020, the Court denied KBR's motion for reconsideration. ECF No. 225. On October 23, 2020, KBR filed this instant Motion for Certification of Interlocutory Appeal. ECF No. 229. On November 6, 2020, Relators filed their

1

response. ECF No. 231. On November 20, 2020, KBR filed its reply. ECF No. 233. This Opinion follows.

## STANDARD OF REVIEW

A district judge may certify an interlocutory appeal of a nonfinal order if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Boim v. Quranic Literacy Inst. & Holy Land Found. For Relief And Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002). The request must also be filed within a reasonable time. *Ahrenholz v. Board of Tr. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

Each of these criteria must be met before a district court can certify its order for an immediate appeal. *Id.* at 675. Once the district court certifies the request for an appeal, the Court of Appeals has the discretion to permit the appeal from such order. 28 U.S.C. § 1292(b). Section 1292(b) "must be used sparingly lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Intern. Inc.*, 505 F.3d 736, 741 (7th Cir. 2007).

## ANALYSIS

KBR asserts that this Court's July 2020 Order presents a question of law that meets the statutory criteria for certification. KBR identifies the question as follows: "[w]hether, in the Seventh Circuit, a district court's finding that a relator's allegations were 'substantially similar' to public disclosures requires it also to conclude that the relator did not materially add to those public disclosures." ECF No. 230 at 6.

An immediate appeal may materially advance the ultimate termination of the litigation. If the Court of Appeals ruled in KBR's favor, such a ruling would ultimately dismiss the case. *See,*

*e.g., General Dynamics Corp. v. American Tel. & Tel. Co.*, 658 F.Supp. 417, 419 (N.D. Ill. 1987). However, KBR has not shown that the July 2020 Order involves any controlling question of law on which there is a substantial ground for difference of opinion.

The original source exception permits jurisdiction over an FCA action even if the relator's lawsuit is based upon publicly disclosed information provided that the relator is "an original source of the information." 31 U.S.C. § 3730(e)(4)(A). An "original source" is considered an "individual who either . . . has voluntarily disclosed to the Government the information on which allegations or transactions in a claim are based, or (2) who has knowledge that is independent of and materially adds to the publicly disclosed allegations or transactions . . ." § 3730(e)(4)(B). As the Court noted in its July 9, 2020, and September 25, 2020 Orders, Relators materially added to the public disclosures and were therefore not barred from bringing this instant action. While KBR contends that the Court "ignored" Seventh Circuit cases, it did not. The Court thoroughly reviewed the Seventh Circuit standard in its July 2020 Order addressing KBR's motion to dismiss, and even analyzed in detail two Seventh Circuit cases in its September 2020 Order where it distinguished why the cases KBR was adamant the Court should follow were not applicable to this matter. ECF No. 233 at 5-6. The Court specifically noted the following:

> Unlike the relators in *Bellevue* and *Cause of Action*[1], Relators here provided specific concrete examples that suggest fraud. They were not simply providing their own inference from information already disclosed but instead, disclosed new information and provided emails that supported their assertion that Defendants were engaged in a knowing cover-up as opposed to mere negligence. Plaintiffs sufficiently alleged that information had not previously been disclosed and thus, their claims fall outside the public disclosure bar.

*Id.* at 6. Relators submitted an extensive list of emails and conversations they were privy to, many of which were not disclosed in governmental audits, reports, or letters. The information provided

---

[1] *Bellevue v. Universal Health Servs. of Hartgrove, Inc.,* 867 F.3d 712 (7th Cir. 2017); *Cause of Action v. Chicago Transit Auth.*, 815 F.3d 267 (7th Cir. 2016)

by the Relators materially added to the publicly disclosed information. This finding is consistent with the text of § 3730(e)(4)(A)-(B) and does not present a question of law as to which there is substantial ground for difference of opinion.

Moreover, the issue is not a pure question of law that the Seventh Circuit can decide "quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 675. Here, the record is quite extensive as this lawsuit dates to 2011. Resolution of the issues from this Court's Order are fact specific, which generally makes them inappropriate for an appeal under § 1292(b). *See Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000); *see also In re Beale*, 2008 WL 538913, at *4 (N.D. Ill. 2008) (finding that a fact-specific issue was not appropriate for interlocutory review).

Overall, KBR has failed to show that this Court's Order involves controlling questions of law on which there is a substantial ground for difference of opinion. Accordingly, the request for certification of an interlocutory appeal is denied.

## CONCLUSION

For the reasons stated, Defendants' [229] Motion for Certification of Interlocutory Appeal is DENIED.

ENTERED this 11th day of December, 2020.

/s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge